UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| TENNESSEE WELLNESS, INC., ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | No. 3:20-CV-335 |
| v. ) | |
| ) | Judge Curtis L. Collier |
| HOWARD G. HOLMES, MD, INTERNAL ) | Magistrate Judge H. Bruce Guyton |
| MEDICINE, PLLC, *et al.*, ) | |
| ) | |
| *Defendants*. ) | |

**MEMORANDUM**

Before the Court is Defendant John Sanabria's motion to dismiss for lack of subject-matter jurisdiction and lack of standing. (Doc. 6.) Plaintiff, Tennessee Wellness, Inc., did not file a response, and the time to do so has expired. *See* E.D. Tenn. L.R. 7.1(a).

**I.  BACKGROUND**

On August 2, 2020, Plaintiff filed suit against Defendants Sanabria, Howard G. Holmes, Melissa Holmes, and Howard G. Holmes, MD, Internal Medicine, PLLC (collectively, the "Defendants"). (Doc. 1.) Plaintiff brings several legal and equitable state-law claims against Defendants arising from an agreement for Plaintiff to purchase a medical practice and the obligations Plaintiff incurred as a result of the agreement. (*Id.*)

Plaintiff asserts the Court has diversity subject-matter jurisdiction over its claims pursuant to 28 U.S.C. § 1332. (*Id.* ¶ 6.) Plaintiff alleges it is a Wyoming corporation with a principal place of business in Wyoming (*id.* ¶ 1) and Defendants Sanabria, Howard Holmes, and Melissa Holmes are citizens of Tennessee (*id.* ¶¶ 3–5). Plaintiff alleges Defendant Howard G. Holmes, MD, Internal Medicine, PLLC, is a "professional liability company with its principal place of business"

in Tennessee but does not identify the members of this professional limited liability company. (Doc. 1 ¶ 2.)

Defendant Sanabria moves to dismiss the action based on Plaintiff's lack of standing and the Court's lack of subject-matter jurisdiction. (Doc. 6.) Defendant Sanabria first argues Plaintiff does not have standing, as it does not have a Certificate of Authority to transact business in Tennessee, which is required to bring suit. (*Id.*) Next, Defendant Sanabria contends complete diversity does not exist in this action because Plaintiff is not only a citizen of Wyoming, but also a citizen of Tennessee pursuant to its principal place of business. (*Id.*) In support, he attaches records from the Wyoming Secretary of State, which lists Plaintiff's "principal address," mailing address, and locations of its incorporators and president as being in Tennessee. (Doc. 6-1.) Plaintiff did not respond or provide evidence rebutting these records.

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss a claim for lack of subject-matter jurisdiction. A motion to dismiss under 12(b)(1) may raise a facial attack or a factual attack. *Golden v. Gorno Bros., Inc.*, 410 F.3d 879, 881 (6th Cir. 2005). A facial attack "questions merely the sufficiency of the pleading" in alleging subject-matter jurisdiction, so the Court takes the allegations raised in the complaint as true. *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007). In contrast, a factual attack challenges the factual existence of subject-matter jurisdiction, requiring the Court to "weigh the conflicting evidence to arrive at the factual predicate that subject-matter does or does not exist." *Id.* The burden to prove jurisdiction is proper falls on the plaintiff. *Cob Clearinghouse Corp. v. Aetna U.S. Healthcare, Inc.*, 362 F.3d 877, 881 (6th Cir. 2004) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992)).

2

### III.     DISCUSSION

A federal court has subject-matter jurisdiction based on diversity only if complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. "[C]omplete diversity requires that no party share citizenship with any opposing party." *Safeco Ins. Co. of Am. v. City of White House, Tenn.*, 36 F.3d 540, 545 (6th Cir. 1994). Citizenship varies based on whether the party is an individual, an unincorporated entity, or a corporation. *See id.* at 544–45. Here, Defendant Sanabria asserts a factual attack on subject-matter jurisdiction based on the citizenship of the parties. (*See* Doc. 6.)

Three of the parties are individuals. An individual is a citizen of the state of his or her domicile. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir. 1990). Plaintiff alleges Defendants Sanabria, Howard Holmes, and Melissa Holmes are citizens of Tennessee. (Doc. 1 ¶¶ 3–5.) No conflicting evidence has been presented, so the Court finds those Defendants are citizens of Tennessee.

One party is a professional limited liability company. Generally, "all unincorporated entities—of which a limited liability company is one—have the citizenship of each partner or member." *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009). Plaintiff alleges Howard G. Holmes, MD, Internal Medicine, PLLC is a professional limited liability company with a principal place of business in Tennessee. (*See* Doc. 1 ¶ 2.) However, Plaintiff does not allege either the identities or citizenship of the members of the professional limited liability company. Without such information, the Court cannot assess whether there is complete diversity between the parties, and Plaintiff fails to meet its burden to establish subject-matter jurisdiction. *See Delay*, 585 F.3d at 1005 ("When diversity jurisdiction is invoked in a case in

3

which a limited liability company is a party, the court needs to know the citizenship of each member of the company.").

Finally, one party is a corporation. "[A] corporation is a citizen of the state in which 'it has been incorporated' *and* of the state in which 'it has its principal place of business.'" *Prime Rate Premium Fin. Corp., Inc. v. Larson*, 930 F.3d 759, 765 (6th Cir. 2019) (emphasis added) (quoting 28 U.S.C. § 1332(c)(1)). The principal place of business is the "nerve center" of the corporation, where "officers direct, control, and coordinate the corporation's activities," often its "main headquarters." *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010); *see also Andrews v. TD Ameritrade, Inc.*, 596 F. App'x 366, 372 (6th Cir. 2014).

Plaintiff alleges it is a citizen only of Wyoming, as that is both its state of incorporation and where its principal place of business is located. (Doc. 1 ¶ 1.) Records from the Wyoming Secretary of State, as provided by Defendant Sanabria, show Plaintiff's state of incorporation is Wyoming. (Doc. 6-1.) However, these records also demonstrate Plaintiff's corporate activities occur primarily, if not exclusively, in Tennessee, and Plaintiff has failed to rebut this evidence. Plaintiff's principal address and mailing address are in Knoxville, Tennessee. (*Id.*) The address of Plaintiff's incorporators and president is a Tennessee address. (*Id.*) In fact, the only Wyoming address provided in the Secretary of State's records is the address of Plaintiff's registered agent. (*Id.*) Without a location in Wyoming from which the officers could "direct, control, and coordinate" activities, Plaintiff's principal place of business cannot be located in Wyoming. *See Hertz Corp.*, 559 U.S. at 92–93. The records from the Wyoming Secretary of State demonstrate Plaintiff's principal place of business is in Tennessee, and Plaintiff has failed to provide evidence to the contrary. Thus, the Court finds Plaintiff is a citizen of both Wyoming and Tennessee.

Plaintiff and at least three Defendants are citizens of Tennessee, so complete diversity does not exist. *See Safeco Ins. Co. of America*, 36 F.3d at 545. Without complete diversity, the Court lacks subject-matter jurisdiction over this case.

## IV. <u>CONCLUSION</u>

The Court **GRANTS** Defendant Sanabria's motion to dismiss (Doc. 6). Because the Court has a continuing obligation to examine its own subject-matter jurisdiction, *In re Wolverine Radio Co.*, 930 F.2d 1132, 1137 (6th Cir. 1991), and because the Court has concluded it lacks jurisdiction over the case, the Court will **DISMISS** this action without prejudice.

**AN APPROPRIATE ORDER WILL ENTER.**

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**